UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

JORGE GONZALEZ,

Defendant.

CONSENT PRELIMINARY ORDER OF FORFEITURE AS TO SPECIFIC PROPERTY/ MONEY JUDGMENT

25 Cr. 110 (KPC)

WHEREAS, on or about March 18, 2025, JORGE GONZALEZ (the "Defendant"), was charged in a four-count Indictment, 25 Cr. 110 (KPC) (the "Indictment"), with conspiracy to commit wire fraud and bank fraud, in violation of Title 18, United States Code, Section 1349 (Count One); conspiracy to commit money laundering and engaging in a monetary transaction in property derived from specified unlawful activity, in violation of Title 18, United States Code, Section 1956(h) (Count Two); conspiracy to defraud the government, in violation of Title 18, United States Code, Section 286 (Count Three); and aggravated identity theft, in violation of Title 18, United States Code, Sections 1028A(a)(1), 1028(b) and 2 (Count Four);

WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), of any and all property or derived from, proceeds the Defendant obtained directly or indirectly, as a result of the commission of the offense charged in Count One of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment;

WHEREAS, on or about January 20, 2026, the Defendant pled guilty to of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit to the United States, (i) a sum of money equal to $2,713,236.06 in United States currency, United States currency, representing proceeds traceable to the commission of the offense charged in Count One of the Indictment and (ii) all right, title and interest of the Defendant in the following:

a. $42,249.60 associated with JP Morgan Chase bank account 868238582 in the name Anabelli Roberts, currently held in suspense (the "JPMC Account-1");

b. $237,752.14 associated with JP Morgan Chase bank account 631365536 in the name Sadrac Augustin, currently held in suspense (the "JPMC Account-2");

c. $18,103.96 associated with JP Morgan Chase bank account 621906190 in the name Gingwich James Rosemond, currently held in suspense (the "JPMC Account-3");

d. $17,757.28 associated with JP Morgan Chase bank account 816551938 in the name Destiny Crystal Torres Caldas, currently held in suspense (the "JPMC Account-4");

e. $5,670.57 associated with JP Morgan Chase bank account 561301626 in the name Dolce Tommy Asemota, currently held in suspense (the "JPMC Account-5");

f. $16,641.21 associated with JP Morgan Chase bank account 527239613 in the name Eugenia Johnson, currently held in suspense (the "JPMC Account-6");

g. $93,770.50 held in PNC Bank account 1245058336 in the name Construction Monkey LLC (the "PNC Account-1");

h. $160,484.53 held in PNC Bank account 1245059486 in the name Construction Monkey LLC (the "PNC Account-2");

i. $121,192.49 held in PNC Bank account 1244898683 in the name Electrical Management (the "PNC Account-3");

j. $44,972.59 held in PNC Bank account 1244898691 in the name Electrical Management (the "PNC Account-4");

k. $195,626.22 held in TD Bank account 4422158497 in the name Amanda Saxon (the "TD Account");

l. $164,957.12 held by City Check Cashing in connection with transaction CC-0001186880 (the "CCC Account");

m. All monies, coins, and funds contained in cryptocurrency wallet addresses bc1q9drd8xzrrefqrmk87xcxp0rpy8tqzsjaava4ph ("Crypto Wallet-1");

n. All monies, coins, and funds contained in cryptocurrency wallet addresses 0xb4bfF390575b08Eccc2275ED98137DBD1137bc0f ("Crypto Wallet-2");

o. All monies, coins, and funds contained in cryptocurrency wallet addresses DT5YbHMjgCr8xzYkpSGw5pxXdrdUoC6sbr ("Crypto Wallet-3");

p. All monies, coins, and funds contained in cryptocurrency wallet addresses 0x1aEB972887f4a1C422d2c0b73CbF089ABD2eC255 ("Crypto Wallet-4"); and

q. All monies, coins, and funds contained in cryptocurrency wallet addresses bc1q433gkpmzaujvnlmxx2pc6ckvg4cpm77qxez9re ("Crypto Wallet-5");

WHEREAS, the Defendant, pursuant to Title 18, United States Code, Section 982(a)(2)(A), consents to the entry of a money judgment in the amount of $2,713,236.06 in United States currency, representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with his co-defendants, Leonard Ujkic, Solomon Aluko, Shan Anand, and Nosakhare Nobore (collectively, the "Co-defendants") to the extent forfeiture money judgment are entered against the Co-defendants for the offense charged in Count One of the Indictment;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the following property as proceeds traceable to the offense charged in Count One of the Indictment:

a. Any and all funds on deposit in JPMC Account-1;

b. Any and all funds on deposit in JPMC Account-2;

c. Any and all funds on deposit in JPMC Account-3;

d. Any and all funds on deposit in JPMC Account-4;

e. Any and all funds on deposit in JPMC Account-5;

f. Any and all funds on deposit in JPMC Account-6;

g. Any and all funds on deposit in PNC Account-1;

h. Any and all funds on deposit in PNC Account-2;

i. Any and all funds on deposit in JPMC Account-3;

j. Any and all funds on deposit in JPMC Account-4;

k. Any and all funds on deposit in the TD Account;

l. Any and all funds on deposit in the CCC Account;

m. Crypto Wallet-1;

n. Crypto Wallet-2;

o. Crypto Wallet-3;

p. Crypto Wallet-4; and

q. Crypto Wallet-5;

r. $95,001.00 previously contained in JP Morgan Chase Bank, N.A., account 5615627553, held in the name of Gingwich James Rosemond (the "JPMC Account-7");

s. $120,000.56 previously contained in JP Morgan Chase Bank, N.A., account 5615633221, held in the name of Gingwich James Rosemond (the "JPMC Account-8");

t. $175,769.01 held in Amalgamated Bank account 21020320 in the name Asur Services LLC (the "Amalgamated Account");

u. $50,698.88 held in First Horizon Bank account 220006758353 in the name Construction Monkey LLC (the "First Horizon Account-1");

v. $165,120.06 held in First Horizon Bank account 220006652429 in the name Technogym USA Corp. (the "First Horizon Account-2");

w. $80,628.60 held in First Horizon Bank account 220006652674 in the name Technogym USA Corp. (the "First Horizon Account-3");

x. $186,193.04 held in Truist Bank account 1310012232430 in the name S&B Limited LLC dba Schimberg Co. (the "Truist Account");

y. $182,433.48 held in Trustco Bank account 34415137 in the name Asur Services LLC (the "Trustco Account-1");

z. $437.15 held in Trustco Bank account 8049750 in the name JLB Logistics Inc. (the "Trustco Account-2");

aa. A pair of 14 carat white gold diamond stud earrings, seized from the Defendant's residence located at 5711 Kennedy Blvd. Apartment 308-N, North Bergen, New Jersey, on or about March 20, 2025;

bb. A Cartier Santos stainless steel with rose gold bezel watch, model number 4075, serial number 184789AX, seized from the Defendant's residence located at 5711 Kennedy Blvd. Apartment 308-N, North Bergen, New Jersey, on or about March 20, 2025;

cc. A 14 carat white gold Miami Cuban link diamond necklace, seized from the Defendant's residence located at 5711 Kennedy Blvd. Apartment 308-N, North Bergen, New Jersey, on or about March 20, 2025;

dd. A 14 carat yellow and white gold initial "R" charm with bail, seized from the Defendant's residence located at 5711 Kennedy Blvd. Apartment 308-N, North Bergen, New Jersey, on or about March 20, 2025;

ee. A 14 carat yellow gold crown pendant, seized from the Defendant's residence located at 5711 Kennedy Blvd. Apartment 308-N, North Bergen, New Jersey, on or about March 20, 2025; and

ff. A 14 carat yellow gold diamond style ring containing ten diamond link sections, seized from the Defendant's residence located at 5711 Kennedy Blvd. Apartment 308-N, North Bergen, New Jersey, on or about March 20, 2025.

(a. through ff., collectively, the "Specific Property");

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Indictment that the

Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorney Margaret Lynaugh, of counsel, and the Defendant and his counsel, Christopher D. Wright, Esq., that:

1. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $2,713,236.06 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Indictment: that the Defendant personally obtained, for which the Defendant is jointly and severally liable with the Co-defendants, to the extent forfeiture money judgments are entered against the Co-defendants for the offense charged in Count One of the Indictment, shall be entered against the Defendant.

2. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant JORGE GONZALEZ, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

5. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice

on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate

or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[INTENTIONALLY LEFT BLANK]

14. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: ______________________________ 7/22/2026
Margaret Lynaugh DATE
Assistant United States Attorney
26 Federal Plaza
New York, NY 10278
(212) 637-2448

JORGE GONZALEZ

By: ______________________________ 7/23/2026
Jorge Gonzalez DATE

By: ______________________________ 7/23/2026
Christopher D. Wright, Esq. DATE
Attorney for Defendant
26 Court Street, Suite 2103
Brooklyn, NY 11242

SO ORDERED:

______________________________ 7/23/2026
HONORABLE P. KEVIN CASTEL DATE
UNITED STATES DISTRICT JUDGE